IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PERSIDA MYERS,

        Plaintiff,

       v.

DESCHUTES COUNTY, OREGON, a political
subdivision of the State of Oregon; and
BOARD OF COUNTY
COMMISSIONERS OF DESCHUTES
COUNTY,

        Defendants.

Case No. 6:26-cv-00555-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Persida Myers brings this action against Defendants Deschutes County and the Board of Commissioners of Deschutes County asserting claims under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Equal Protection Clause of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment under 42 U.S.C. § 1983, and Oregon state law. Compl., ECF No. 1. Along with the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (TRO Mot., ECF No. 2) with an attached Memorandum (TRO Mem., ECF No. 2-1) and associated declaration by Plaintiff (ECF No. 3).

As set forth below, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is DENIED.

1 – OPINION AND ORDER

**BACKGROUND**

Plaintiff is co-owner of a lot located in the Sunriver Urban Unincorporated Community ("Sunriver UUC") in Deschutes County, Oregon (the "Property"). Compl. ¶ 8. She intends to use the Property as a licensed "residential facility" to provide residential care, treatment, or training to individuals with disabilities. *Id.* ¶ 12. The Property is located in a "community neighborhood" ("CN") zone in the Sunriver UUC. *Id.* ¶¶ 10–11. At the time Plaintiff acquired the property in 2016, the Sunriver UUC allowed for "residential home" and "residential facility" uses in the CN zone, which Plaintiff confirmed with County official Will Groves. *Id.* ¶¶ 12, 47; Groves Decl. ¶ 9, ECF No. 7. Plaintiff then filed an application for approval of her plan to convert the existing commercial structure on the property to an adult residential care facility. Compl. ¶ 47.

Plaintiff now challenges Deschutes County Ordinance No. 2024-008 (the "Ordinance"), which became effective on January 7, 2025. Compl. ¶ 14. Among other changes, the Ordinance amended portions of the County's land-use code to prohibit "residential home" and "residential facility" uses in the CN zone in the Sunriver UUC. *Id.* ¶¶ 14–16. Plaintiff seeks preliminary injunctive relief to (TRO Mot. 21–22):

1. Enjoin enforcement of the Ordinance;

2. Reinstate the prior text altered by the Ordinance;

3. Reinstate "residential home" and "residential facility" as permitted uses in multiple Sunriver UCC zones;

4. Prohibit the County from initiating related legislative action absent leave of the Court;

5. Require sworn declarations from County officials concerning legislative intent and statutory interpretation related to the Ordinance.

2 – OPINION AND ORDER

## LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The primary purpose of a preliminary injunction is to preserve the status quo pending a determination of the action on its merits. *City & County of San Francisco v. U.S. Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019). To obtain preliminary injunctive relief a party must demonstrate (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). The moving party bears the burden of persuasion and must make a clear showing that she is entitled to such relief. *Winter*, 555 U.S. at 22. The standard for issuing a temporary restraining order ("TRO") mirrors the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

## DISCUSSION

The Court considers the *Winter* factors in turn and finds none favor granting Plaintiff preliminary injunctive relief.

## I.      Likelihood of Success on the Merits

Plaintiff has not made a sufficient showing of likelihood of success on the merits of her claims under the FHA, ADA, Fourteenth Amendment, Fifth Amendment, or Oregon statutes. Plaintiff raises several complex issues that turn on significant factual findings. *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977) (introducing scope of factual inquiry informing finding of "invidious purpose" in zoning); *City of Cleburne v. Cleburne*

3 – OPINION AND ORDER

*Living Ctr.*, 473 U.S. 432, 447–50 (1985) (considering record showing "irrational prejudice" under rational basis review). Faced with Plaintiff's pleadings, the Court concludes more facts are necessary, and those facts will be elicited by discovery in the natural progression of the case. *See K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1089 (9th Cir. 1972). In addition, Defendants convincingly contest alleged facts that play a primary role in Plaintiff's claims. *Compare* TRO Mem. 10–11, 21–22, *and* Compl. ¶¶ 17–18, 24–25, *with* Groves Decl. ¶¶ 5–8 (explaining "[n]either the CG or CN zones allow for residential development, either single-unit dwellings or multi-unit housing," and referring to Or. Rev. Stat. §§ 197.665, 197.667). This showing further weakens Plaintiff's showing compared to her burden in seeking preliminary injunctive relief in this case. *See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006); *K-2 Ski*, 467 F.2d at 1089.

Likelihood of success on the merits is generally a threshold issue and Plaintiff has not made a clear showing here. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). In fact, Plaintiff invokes the mechanism of preliminary injunctive relief in part to prompt discovery that would potentially elicit the kinds of facts going to the heart of her claims. TRO Mem. 35. The Court nevertheless considers the remaining *Winter* factors and finds they likewise weigh against Plaintiff's requested relief. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1085 (9th Cir. 2014).

## II.    <u>Irreparable Harm</u>

Plaintiff has not made a clear showing of irreparable harm.[1] That adequate compensatory damages will ultimately be available in the ordinary course of litigation weighs heavily against a

---

[1] Courts have recognized the irreparable harm requirement can be the "most important" factor. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) (quoting *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233–34 (2d Cir. 1999)); *see also* 11A *Wright & Miller's Fed. Prac. & Proc.* § 2948.1 (3d ed.) ("The single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief.").

4 – OPINION AND ORDER

claim of "irreparable" harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Here, Plaintiff seeks compensatory and punitive damages directly tied to the claims under which she simultaneously seeks preliminary injunctive relief. Compl. ¶¶ 56–58. Though Plaintiff's claims include constitutional injuries, hers do not necessarily imply irreparable harm on their face. *See, e.g., Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 484–85 (1st Cir. 2009) ("it cannot be said that violations of plaintiffs' rights to due process and equal protection *automatically* result in irreparable harm" (emphasis in original)). Indeed, in seeking a preliminary injunction associated with these claims Plaintiff provides an accounting of what are ultimately economic harms. TRO Mem. 23–24 ("Lost net operating income accrues at approximately $48,352 per month, growing each day the Ordinance remains in force."); TRO Mot. 6–7 ("continued deprivation of a nine-year investment-backed development right, $48,352 per month in accruing lost income, and $735,220 in trend-adjusted property value decline"). These economic harms do not justify a preliminary injunction. *See Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation."); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (holding lost revenues, diminution of property value and loss of substantial goodwill are all monetary damages that can be remedied by a damages award).

To the extent Plaintiff points to irreparable harm from the "exclusion of persons with disabilities from purpose-built housing" she improperly relies on harm to others. TRO Mot. 6; *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 822 (9th Cir. 2018) (citing *Winter*, 555 U.S. at 20) ("Plaintiffs seeking injunctive relief must show that they themselves are likely to suffer irreparable harm absent an injunction."). Plaintiff is developing the property, she is not a prospective tenant, for instance. *See Vill. of Arlington Heights*, 429 U.S. at 263–64;

5 – OPINION AND ORDER

*Buckholz v. Kelso Hous. Auth.*, 781 F. Supp. 3d 1148, 1156 (W.D. Wash. 2025). Moreover, Plaintiff indicates she is still in the process of developing the property at issue. *See* TRO Mot. 6; TRO Mem. 11. Accordingly, her invocation of third parties' rights to be free from discriminatory housing practices is also speculative, and thus "does not constitute irreparable injury sufficient to warrant granting a preliminary injunction" in any event. *Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir. 1988).

Lastly, Plaintiff's mootness concern has no bearing on irreparable injury here and a defendant's potential voluntary change of course does not automatically make a case moot. *F.T.C. v. Affordable Media, LLC*, 179 F.3d 1228, 1238 (9th Cir. 1999).

## III.    <u>**Public Interest and Balance of the Equities**</u>

When the opposing party is a governmental entity, a court's assessment of the harm to the opposing party and of the public interest "merge." *Garcia v. County of Alameda*, 150 F.4th 1224, 1234 (9th Cir. 2025). The "public interest" inquiry generally addresses the impact upon nonparties of granting or withholding injunctive relief. *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014).

"Any time a [governmental entity] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (internal quotes omitted); Defs.' Resp. 7–8, ECF No. 6 (raising concerns regarding suspended enforcement of Ordinance, restoring prior rules, and ensuing impacts on land use administration). However, there is no "blanket presumption in favor of the government in all preliminary injunction cases." *Rodriguez v. Robbins* 715 F.3d 1127, 1146 (9th Cir. 2013). Indeed, it is always in the public interest to prevent the violation of a party's constitutional rights. *Baird*, 81 F.4th at 1040.

Plaintiff's argument that the public interest favors preliminary injunctive relief largely falls back on the merits by arguing Defendants violated the law. *See* TRO Mem. 25–26. Though the public has an interest in avoiding constitutional violations, Plaintiff has not demonstrated that Defendants likely violated the constitution, federal law, or state law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013). Plaintiff also alludes to a "signal[ing]" function that her requested injunctive relief would serve for counties state-wide regarding their implementation of state law. TRO Mem. 27. To the extent this line of argument is not merely an additional recitation of Plaintiff's view of the merits, the distinct point it raises is not an appropriate consideration for granting a preliminary injunction based on the public interest here. *See Rizzo v. Goode*, 423 U.S. 362, 378 (1976) ("Where . . . the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120 (1951))); *see also Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1266 (10th Cir. 2016).

## CONCLUSION

Because the factors identified in *Winter v. Nat. Res. Def. Council, Inc.* do not weigh in favor of granting Plaintiff preliminary injunctive relief, especially a lack of irreparable harm, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of April, 2026.

    s/Michael J. McShane
    Michael J. McShane
    United States District Judge

7 – OPINION AND ORDER